IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quatavious Bernard Bivens,<br><br>Plaintiff,<br><br>v.<br><br>Director Bryan Stirling, Deputy Warden D. Harouff, Captain B. Blakely, Lt. Auogyo, Lt. G. Salazar, Sgt. M. Calix, Officer B. Kevon, V. Griffin, and J. Potts,<br><br>Defendants. | Case No. 9:23-cv-04263-SAL-MHC<br><br><br>**ORDER** |

This matter is before the court for review of United States Magistrate Judge Molly H. Cherry's January 19, 2024, report and recommendation, made pursuant to 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 30.] The Magistrate Judge recommends the court dismiss plaintiff Quatavious Bernard Bivens' action for lack of prosecution. The Magistrate Judge attached to the report a notice advising Bivens of the procedures and requirements for filing objections to the report and the serious consequences if he failed to do so. *Id.* at 3. The notice specifically warned Bivens that if he did not timely file an objection to the report then the court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)). The notice also warned Bivens his "[f]ailure to timely file specific written objections to [the report] will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation." *Id.* (internal citations omitted).

Bivens did not object or otherwise respond to the Magistrate Judge's report, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). As noted above, the court is not required to provide an explanation for adopting the report if no party objects to the report; instead, it must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (citing Fed. R. Civ. P. 72 advisory committee's note).

Having thoroughly reviewed the report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 30, and incorporates the report by reference herein. The court thus **DISMISSES** this action for lack of prosecution.

**IT IS SO ORDERED.**

October 15, 2024                                             Sherri A. Lydon
Columbia, South Carolina                           United States District Judge